# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1727V
(not to be published)

| | |
|---|---|
| TODD L. FRIBERG,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Jennifer Leigh Reynaud* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

      On November 6, 2019, Todd L. Friberg filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged the Table claim that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving the influenza vaccine on October 18, 2018. Petition at 1, ¶¶ 2, 20. On July 6, 2022, a decision was issued awarding compensation to Petitioner in the amount of $125,102.92.  ECF No. 53.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 26, 2022 (ECF No. 58), requesting an award of $71,679.76 in fees and costs incurred by Turning Point Litigation and $8,078.57 in fees and costs incurred by counsel's former firm, Ward Black Law. *Id*. at 1.[3] In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 58-4. Respondent reacted to the motion on August 29, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 59. On August 29, 2022, Petitioner filed a reply requesting the Chief Special Master "exercise his discretion and determine a reasonable award for attorney's fees and costs." ECF No. 60.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$79,758.33** (representing $71,679.76 in fees and costs incurred by Turning Point Litigation and $8,078.57 in fees and costs incurred by Ward Black Law.) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Petitioner requests the total amount awarded be made payable to Turning Point Litigation who will make payment to Ward Black Law. (ECF No. 58 at 2).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.